# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN ALVAREZ**, | : | CIVIL ACTION NO. 1:11-CV-783 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **SEARS HOLDING CORP.**, **KMART** | : | |
| **CORPORATION**, **JAMES HALL** and | : | |
| **ERIN ROAT**, | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court are defendants' objections (Doc. 45) to the Report and Recommendation of United States Magistrate Judge Mildred E. Methvin (Doc. 42). With the exception set forth below, the court finds that Judge Methvin's analysis is thorough and well-reasoned, and that the pending objections are without merit and squarely addressed by Judge Methvin's Report.[1]

The court parts company with Judge Methvin only with respect to plaintiff's claim of hostile work environment. The evidence of record is devoid of any "discriminatory intimidation, ridicule [or] insult" permeating the work environment. Meritor Savings Bank v. Vinson, 477 U.S. 57, 65 (1986). To the contrary, the record reflects a single

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

incident—in which the plaintiff was apparently asked to "bring tacos"—that may reasonably be construed as evidencing overt discrimination. Significantly, plaintiff testified that no one ever said anything to him about his race and that the taco request was an isolated incident:

> Q: But no one ever said anything specifically to you about your race?
> A: No.
> Q: Apart from [the taco] comment that you addressed, did anyone make any other comments similar to that?
> A: No.

(Doc. 29-1, p. 58, lines 1-7).

The record also reflects a few incidents of facially neutral actions that plaintiff aggregates to form a hostile work environment, including: poor performance reviews, receiving discipline for an infraction he did not commit, and being reprimanded in front of other employees. These few incidents over a three year period of employment, added to a single incident of overt discriminatory conduct, do not, as a matter of law, meet the requirements of a hostile work environment. See Faragher v. Boca Raton, 524 U.S. 775, 787 n.1 (1998) (noting that harassment must be more than episodic, but must be continuous and concerted in order to be considered pervasive). "[I]solated or sporadic comments, or comments that are part of casual conversation, do not violate Title VII", rather, "there must be a steady barrage of opprobrious racial comments." Doty v. Pike County Correctional Facility, 2006 WL 2850632, at *11 (M.D. Pa. Oct. 3, 2006) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990) and Harris v. Forklift

2

Sys. Inc., 510 U.S. 17, 23 (1993), and quoting Bolden v PRC, Inc., 43 F.3d 545, 551 (10th Cir. 1994)).

Accordingly, the court will adopt the Report and Recommendation of Judge Methvin, with the exception of her recommendation on the hostile work environment claim. The court will grant defendant's motion for summary judgment on this claim.

An appropriate order will issue.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

Dated:      March 29, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN ALVAREZ,** | : | CIVIL ACTION NO. 1:11-CV-783 |
|     **Plaintiff** | : | |
| | : | (Judge Conner) |
|     v. | : | |
| | : | |
| **SEARS HOLDING CORP., KMART** | : | |
| **CORPORATION, JAMES HALL and** | : | |
| **ERIN ROAT,** | : | |
|     **Defendants** | : | |

## ORDER

AND NOW, this 29th day of March, 2013, upon consideration of the Report and Recommendation of United States Magistrate Judge Mildred E. Methvin (Doc. 42), recommending that defendants' motion for summary judgment (Doc. 27) be denied, and, following an independent review of the record, and noting that defendants filed objections to the report (Doc. 45) on February 6, 2013, it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Methvin (Doc. 42) are ADOPTED, with the exception of her recommendation that the court deny summary judgment on plaintiff's hostile work environment claim.

2. Defendants' motion for summary judgment (Doc. 27) on plaintiff's hostile work environment claim is GRANTED.

3. In all other respects, defendants' motion for summary judgment (Doc. 27) is DENIED.

4. A trial schedule shall issue by separate order.

                                                       S/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge